**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JELD-WEN MASTER WELFARE BENEFIT PLAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRI-CITY HEALTH CARE DISTRICT, a California Health Care District dba TRI-CITY MEDICAL CENTER,<br><br>　　　　Defendant. | CASE NO. 12cv197-GPC(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Dkt. No. 27.] |

Before the Court is Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and reconsideration under Local Civil Rule 7.1(i). (Dkt. No. 27.) Plaintiff seeks a reconsideration of the Court's order granting Defendant's motion for summary judgment filed on November 27, 2012. (Dkt. No. 24.) Defendant filed an opposition on February 8, 2013 and Plaintiff filed a reply on February 22, 2013. (Dkt. Nos. 29, 30.) Based on a review of the parties' briefs, the record and the applicable law, the Court DENIES Plaintiff's motion to alter or amend judgment.

**Procedural Background**

On January 24, 2012, Plaintiff Jeld-Wen Master Welfare Benefit Plan ("Jeld-

Wen") filed a complaint for declaratory relief against Defendant Tri-City Health Care District ("Tri-City"). (Dkt. No. 1.) On February 1, 2012, Plaintiff filed an *ex parte* application seeking an order staying arbitration proceedings that were ongoing until the instant action was resolved. (Dkt. No. 3.) On February 7, 2012, the Court denied Plaintiff's *ex parte* application for stay of arbitration proceedings. (Dkt. No. 6.) On February 21, 2012, Defendant filed a motion to dismiss. (Dkt. No. 8.) On April 9, 2012, Plaintiff filed an opposition. (Dkt. No. 14.) Defendant filed a reply on April 16, 2012. (Dkt. No. 16.)

On March 15, 2012, Plaintiff filed a motion for summary judgment, or alternatively, motion for partial summary judgment. (Dkt. No. 9.) On April 18, 2012, the Court vacated the hearing on Defendant's motion to dismiss and took the motion under submission and granted in part and denied in part Defendant's *ex parte* application to continue Plaintiff's motion for summary judgment. (Dkt. No. 18.) Specifically, the Court vacated the May 7, 2012 hearing date on the motion for summary judgment and stated that the hearing would be rescheduled after issuance of a written ruling of Defendant's motion to dismiss, if deemed necessary. (Id.)

On April 20, 2012, Plaintiff filed a request for oral argument on the motion to dismiss. (Dkt. No. 19.) The Court granted Plaintiff's request for oral argument and held a hearing on May 7, 2012. (Dkt. No. 21.) On October 23, 2012, the case was transferred to the undersigned judge. (Dkt. No. 23.) On November 27, 2012, the Court construed Defendant's motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56 as both parties submitted matters outside the pleading. (Dkt. No. 24.) In the order, the Court granted Defendant's motion for summary judgment as to all causes of action in the complaint. (Id.) Plaintiff seeks reconsideration of that order. (Dkt. No. 27.)

**Factual Background**

In December 1997, Plaintiff Jeld-Wen entered into a Participating Hospital Agreement ("Agreement") with Defendant Tri-City. (Dkt. No. 1, Compl. ¶ 8.) The

purpose of the Agreement was to establish rates and terms for financial reimbursement from Jeld-Wen to Tri-City for eligible and appropriate health care services rendered at Tri-City on behalf of eligible and qualified beneficiaries under Jeld-Wen's Health Benefit Plan ("Plan"). (Id.)

On November 18, 2008, a patient ("Patient S"), then a potential eligible Plan participant, completed a Pre-Existing Condition Questionnaire. (Id. ¶ 10.) Patient S indicated he had a "pre-existing heart condition." (Id.) Under the Plan's guidelines, a pre-existing condition is defined as "any medical condition that [Patient S] was diagnosed or treated for in the six months period immediately prior to the first day of coverage Eligibility Date." (Id.) The Plan provides for an exclusion period for any pre-existing condition such that "[c]overage will be excluded for any Pre-existing Conditions for 12 months following the coverage Eligibility Date . . . ." (Id.) Because Patient S had not previously "opted in" for the medical coverage portion of the Health Benefit Plan, his initial medical eligibility date was January 1, 2009. (Id. ¶ 11.) Therefore, under the Plan, Patient S would be excluded from coverage on any treatment rendered for a heart condition from January 1, 2009 to December 31, 2009. (Id.) On or about July 12, 2009, within the exclusion period described above, Patient S went to the Emergency Department at Tri-City, suffering from a heart related condition. (Id. ¶ 12.) Patient S was admitted to Tri-City and underwent a heart-related procedure on or about July 16, 2009. (Id.) Patient S was discharged from Tri-City on or about July 21, 2009. (Id.)

Tri-City submitted a claim for benefits for reimbursement to Jeld-Wen under the terms of the Agreement for services rendered in the care and treatment of Patient S. (Id. ¶ 13.) Thereafter, consistent with the provisions of the Agreement and the Plan, the Plan Administrator made an evaluation of eligibility and relying on the plain terms of the Plan, the Plan Administrator denied reimbursement to Tri-City because Patient S was suffering a pre-existing condition during the exclusionary period. (Id.) Because Patient S was not eligible for benefits due to his pre-existing condition, there could be

no claim for reimbursement of expenses for treatment under any circumstances since the Plan first determines and governs eligibility. (Id. ¶ 14.) If a beneficiary is eligible, then and only then is the Agreement analyzed to determine the amount of reimbursement, if any. (Id.) The Agreement specifies that Jeld-Wen "has the sole authority and responsibility for determination of eligibility under the health benefit plan, determination of coverage within the plan, claims payment, and such other benefit administration functions for which Payer [JELD-WEN] is responsible." (Id.) After the Plan Administrator denied the benefits based upon the Plan's "pre-existing conditions" exclusion, the beneficiary had the right to appeal that determination under terms and conditions set forth in the Plan. (Id. ¶ 15.) Neither Patient S nor Tri-City (as assignee of Patient S) filed an appeal and the Plan Administrator's determination became final. (Id.)

In its motion to dismiss, Tri-City presents additional facts relevant to the instant motion. On July 13, 2009, Tri-City contacted Shasta Administrative Services ("Shasta"), Jen-Weld's third party administrator and agent, to verify the patient's health care coverage. Ruth, the customer service representative at Shasta, indicated that the patient did not require precertification as he presented through the emergency room and that the patient's plan would pay 80% of billed charges and that the patient had a $500 co-pay. (Dkt. No. 8, Mot. at 6-7.)

On July 15, 2009, Tri-City contacted Innovative Care, Jen-Weld's utilization review company and agent, to obtain further authorization for the hospitalization of the patient. Later that same day, Tri-City received a telephone call from Patti at Innovative Care authorizing the patient's stay until July 20, 2009. (Id. at 7.) On September 18, 2008, Tri-City contacted Shasta and was informed for the first time that the claim was pending for a pre-existing condition. (Id.) Based on the authorization of treatment and verification of coverage provided to Tri-City by Jeld-Wen and its agents, Tri-City filed a Demand for Arbitration seeking reimbursement in accordance with the rates found in the Agreement. (Id.)

Around December 29, 2010, Defendant served a Demand for Arbitration ("Demand") with the American Arbitration Association ("AAA"). (Dkt. No. 8-2, Huezo Decl., Ex. A.) The Arbitration Demand stated the nature of the dispute as:

> The claim for patient S.S. identified on the attached Exhibit 1 had been improperly denied and inappropriately unpaid pursuant to the Interplan agreement at 20% discount off billed charges due to pre-existing condition. However, services were authorized and patient's benefits were verified and no pre-existing condition exclusions were communicated. Interest has yet to be paid on this claim pursuant to Health and Safety Section 1371.35. The payor, Jen-Weld, Inc. owes Claimant, Tri-City Medical Center the total sum of $159,287.20.

Id.

After engaging in a preliminary hearing, Plaintiff filed a motion for summary judgment on September 12, 2011 arguing that the patient was suffering from a pre-existing condition within the exclusionary period and that Tri-City's claims were preempted by ERISA. (Dkt. No 14-1, Freestone Decl., Ex. A.) On October 5, 2011, after hearing oral argument, the Arbitrator denied Jeld-Wen's motion for summary judgment. (Id., Ex. B.) The Arbitrator also ordered that Tri-City provide Jeld-Wen with a Detailed Specification of Claims. (Id.) Around October 21, 2011, Tri-City provided a Detailed Specification of Claims to Jeld-Wen. (Compl. ¶ 18.) After receipt of the Detailed Specification of Claims, in a letter dated December 2, 2011, Jeld-Wen notified the Arbitrator that the "new" claims did not arise out of the Agreement but were claims not subject to the very narrow arbitration clause. (Dkt. No. 14-2, Freestone Decl., Ex. C.) It informed the Arbitrator that the claims were not arbitrable and only a court of law could determine which claims are subject to arbitration. (Id.) Tri-City objected to Jeld-Wen's position arguing that the Arbitrator has authority to determine the arbitrability of the dispute and the entire dispute falls within the arbitration clause and is not preempted by ERISA. (Id.)

On December 28, 2011, the Arbitrator issued an Order on Respondent's Objections to Arbitrability of Claims and Request for a Stay. (Dkt. No. 8-4.) In the order, the Arbitrator concluded that it has power under AAA Rule R-7(a) to rule on its

jurisdiction, including any objections to the scope of the arbitration agreement and denied Jeld-Wen's request for a stay. (Id.) The Arbitrator also concluded that the claims asserted in the Demand and Specification relate to and arise out of the alleged conduct of Shasta in the performance of the "authorization" and "verification" processes under the Agreement. (Id.) The Arbitrator also concluded that the claims asserted are not preempted by ERISA citing Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941 (9th Cir. 2009). (Id.)

In the complaint, Plaintiff seeks declaratory relief that a court of law, not an arbitrator, determines the arbitrability of claims; that Defendant's assertion of new claims are not subject to arbitration; and that the claims in the Demand and Detailed Specification are preempted by ERISA, 29 U.S.C. § 1001 *et seq*. (Compl. ¶¶ 22, 25, 29.)

In the Court's order granting Defendant's motion for summary judgment, it concluded that Plaintiff Jeld-Wen Master Welfare Benefit Plan does not have standing to bring the complaint. (Dkt. No. 24.) However, even if the Court determined that Plaintiff had standing, the Court further held that Jeld-Wen waived its right to challenge the arbitrability of the dispute by participating in the arbitration. (Id.) It also granted summary judgment as to all three causes of action for declaratory relief. (Id.)

**Discussion**

**A.     Legal Standard on Motion for Reconsideration**

Federal Rule of Civil Procedure 59(e) provides for the filing of a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). A motion for reconsideration, under Federal Rule of Civil Procedure 59(e), is "appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011).

In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration

must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).

The Court has discretion in granting or denying a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991). A motion for reconsideration should not be granted absent highly unusual circumstances. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision. Collins v. D.R. Horton, Inc., 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Az.1998)).

**B.    Conversion of Rule 12(b)(6) Motion to a Rule 56 Motion**

Plaintiff argues that the Court erred in converting Defendant's Rule 12(b)(6) motion to a Rule 56 motion for summary judgment without notice to Plaintiff and an opportunity for Plaintiff to present all material relevant to the motion. Defendant argues that the Court was not required to give notice to Plaintiff and that it presented 57 pages of exhibits to the Court in its opposition.

If a district court looks beyond the pleadings, the motion must be treated as one for summary judgment. Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1532 (9th Cir. 1985). The parties must be given notice of the motion for summary judgment and an opportunity to respond. Id. While the majority of the circuits require strict compliance with the notice requirement of Rule 56(c) when the court converts a motion under Rule 12(b)(6) into one for summary judgment, the Ninth Circuit does not adopt the rule of strict adherence to the formal notice requirements. Garaux v. Pulley, 739 F.2d 437, 438-39 (9th Cir. 1984) (citations omitted). Instead, the Ninth Circuit requires

that courts examine the record in each case to determine "whether the party against whom summary judgment was entered was 'fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment.'" Id.; see also Mayer v. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1021 (9th Cir. 1983). Formal notice is not necessary if parties are represented by counsel. Grove, 753 F.2d at 1533. "Notice occurs when a party has reason to know that the court will consider matters outside the pleadings." Id. "A represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment." Id.; In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998). In Grove, the plaintiff was fairly appraised that the Court would consider matters outside the pleading as plaintiff submitted matters outside the pleading, the parties agreed that the judge should then read The Learning Tree, plaintiff then submitted affidavits of her witnesses and at the hearing, the judge relied on plaintiff's affidavits in deciding the motion. Grove, 753 F.2d at 1532; see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) (district court's decision to treat motions to dismiss as motions for summary judgment was not error as much of the extra complaint material relied on was attached to appellee's answer to the amended complaint and Plaintiff herself included extraneous material in her opposition to appellee's motions to dismiss); Murray Co. v. Liberty Mutual Ins. Co., 11 Fed. Appx. 722, 723 (9th Cir. 2001) (because court considered declarations in support of the parties' respective positions, plaintiff was fairly apprised that the motion to dismiss was subject to conversion and the district court did not err in converting motion to one of summary judgment).

Here, in support of their positions on Defendant's motion to dismiss, both parties submitted materials outside the pleadings. While Defendant presented exhibits consisting of 17 pages, Plaintiff filed 61 pages of documentary support. Moreover, at

the hearing on the motion to dismiss, both parties referenced exhibits attached to the briefs. (Dkt. No. 26.) Plaintiff's counsel even acknowledged that,

> this motion to dismiss, I think counsel has tried to turn this into a motion for summary judgment and try to get you to rule on the merits of each of these declaratory judgment actions. And the reason that I requested oral argument is we sort of fell into that trap in the briefing and argued substantively some of the merits of the various actions.

(Dkt. No. 26, Mot. Hearing Transcript at 11:12-18.) He further stated, "[a]t this stage in the proceedings, at the pleading stage, the only matter before the court is, have we properly stated a claim under these various causes of action." Id. at 18-20. Plaintiff's counsel was aware and had concerns that the motion may turn into a motion for summary judgment. Although he told the Court that at the pleading stage, the Court need only determine whether the complaint has stated a claim, the fact that numerous exhibits were attached to Plaintiff's opposition provided it with notice that the Court may use them in deciding the motion. See Grove, 753 F.2d at 1533.

The Court concludes that Plaintiff was "fairly apprised" that the Court would look beyond the complaint and convert the 12(b)(6) motion into a motion for summary judgment. See Grove, 753 F.2d at 1532-33. Accordingly, the Court DENIES Plaintiff's motion to alter or amend judgment on this issue.

## C. Remaining Arguments

Because the Court properly treated Defendant's motion to dismiss as a motion for summary judgment, Plaintiff's remaining arguments are unavailing.[1] It seeks the Court to reconsider the merits of the motion based on documents it now attaches to the

---

[1] Plaintiff contends that Jeld-Wen Master Welfare Benefit Plan has standing to bring the complaint. In the instant motion, Plaintiff submits the Preamble to the Plan which states that Jeld-Wen Health Benefit Plan and Jeld-Wen Flex Plan were consolidated into a single plan to be known as Jeld-Wen Master Welfare Benefit Plan. (Dkt. No. 27-2, Rogers Decl. attached.) While Plaintiff argues that if the Court provided it with notice of its intent to convert the motion into one for summary judgment, it would have presented evidence that Plaintiff was the proper party to bring the action. However, it is not clear why this Preamble was not submitted in opposition to Defendant's motion to dismiss to demonstrate it had standing. Plaintiff was in possession or aware of the Preamble since 2004. On reconsideration, Plaintiff cannot bring evidence that it already had in its possession at the time of the prior motion. In any event, the issue is moot as the Court alternatively considered the merits of the motion.

motion to alter judgment. Plaintiff is essentially rearguing its opposition to the motion for summary judgment. Plaintiff has not presented any newly discovered evidence, any intervening change in controlling law or has not shown clear error or manifest injustice. See School Dist. No. 1J, Multnomah County, Or., 5 F.3d at 1263; Local Civ. Rule 7.1(i)(1).

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and motion for reconsideration under Local Civil Rule 7.1(i).

IT IS SO ORDERED.

DATED: May 6, 2013

*Gonzalo Curiel*
HON. GONZALO P. CURIEL
United States District Judge